IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMARCUS FENNELL** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 19-4183 |
| | : | |
| **CHARLES HORVATH,** *et al.* | : | |

# MEMORANDUM

**KEARNEY, J.**                                                                                               **June 23, 2020**

A correctional officer today asks we preclude a former incarcerated man's evidence of the officer's earlier reference to a "snitch" when referring to a different incarcerated person as we prepare for our jury to decide whether correctional officers in the Northampton County Prison retaliated against or violated the constitutional rights of Jamarcus Fennell while incarcerated after he grieved officers' conduct.

Following our summary judgment finding he may proceed on his retaliation claim, Mr. Fennell hopes to persuade the jury Officer Colarusso labeled him a "snitch," solicited other inmates to attack him, and attempted to spray mace at him while in his cell after he voiced complaints and filed inmate grievances against Officer Colarusso and other correctional officers. Officer Colarusso denies these claims and maintains he never referred to Mr. Fennell as a "snitch." A jury will decide whether he made this statement.

Mr. Fennell seeks to introduce Officer Colarusso's disciplinary file as a trial exhibit. The "disciplinary file is a detailed log of Officer Colarusso's pattern of work, behavior, and abiding by the prison policies."[1] This file includes a report detailing an incident three years ago when Officer Colarusso purportedly told an inmate who may have reported an incident to a lieutenant: "[s]nitching would be like the death penalty to us, if you snitch you would be dead to us, I hope you did not snitch on my Italian brothers."[2]

Officer Colarusso seeks to preclude this statement and the related reports as not admissible under Federal Rules of Evidence 404, 403, or 402.  We agree in part.  Mr. Fennell may introduce the portions of the report with the statement or other admissible evidence of Officer Colarusso's use of the word "snitch" in a threatening manner.  We will not admit evidence of other portions of the reports including any discipline imposed upon Officer Colarusso unless he opens the door to this evidence.

The general rule under Federal Rule of Evidence 404(b)(1) prohibits a party from offering evidence of a person's "crimes, wrongs, or other acts" to show "that on a particular occasion the person acted in accordance with the character."[3]  Federal Rule of Evidence 404(b)(2) provides exceptions to the general rule, allowing a party to offer evidence of a person's "crimes, wrongs, or other acts" if it "prov[es] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[4]

Officer Colarusso argues Mr. Fennell seeks to admit Officer Colarusso's disciplinary file to show Officer Colarusso acted consistent with earlier "wrongs" in the present dispute.  He reasons Mr. Fennell would use this evidence to show, because Officer Colarusso referred to an earlier inmate as a "snitch", he likely referred to Mr. Fennell as a "snitch."  Officer Colarusso argues this use is impermissible.  Mr. Fennell responds he does not seek to offer Officer Colarusso's disciplinary history to show Officer Colarusso called him "snitch" but rather to show Officer Colarusso's "intent"—revealing a state of mind hostile to "snitches"—when he took actions against Mr. Fennell.

To establish "intent," an earlier complaint must document "strikingly similar" incidents from individuals who are "similarly situated."[5]  In *Lewis v. City of Albany Police Department*, Mr. Lewis, an African American man, sued a police officer for excessive force and the city for

failure to train its officers relating to an incident where an officer abused him during an arrest. The police officer sought to preclude evidence of earlier instances where African American men complained the officer used excessive force against them during earlier arrests. Judge David N. Hurd denied the police officer's motion. Judge Hurd reasoned although the complaints recorded unrelated events, the "circumstances alleged … strikingly similar [incidents] to those in this case" because the earlier incidents had been filed by African American arrestees.[6] Judge Hurd held the earlier complaints revealed the police officer's "intent with regard to the use of force" against individuals with similar characteristics to Mr. Lewis.[7]

Judge Thomas J. McAvoy's ruling in *Ferreia v. City of Binghamton* presents a contrast to the *Lewis* holding.[8]  In *Ferreia*, the defendant, a SWAT team officer affiliated with the Binghamton Police Department, filed a motion *in limine* arguing earlier complaints lodged against him should not be admitted because they did not convey similar incidents from individuals who are "similarly situated."[9] Judge McAvoy agreed, holding the proposed evidence inadmissible because none of the complaints "describe[d] actions or events strikingly similar to those in this case" so the complaints could not establish the defendant's "intent."[10]

We ask whether Officer Colarusso's earlier statements to an inmate using the term "snitch" presents a strikingly similar action involving a similarly situated person for Mr. Fennell to viably argue these events demonstrate Officer Colarusso's "intent" for actions taken against him. We find it does. The disciplinary history reveals three years before interacting with Mr. Fennell, Officer Colarusso told another inmate "[s]nitching would be like the death penalty to us, if you snitch you would be dead to us, I hope you did not snitch on my Italian brothers."[11]  It appears Officer Colarusso said this to the inmate after the inmate "dropped a slip" to a lieutenant about certain correctional officers. The incidents are strikingly similar—both involve Officer

3

Colarusso allegedly treating an inmate with threats or hostility, terming them a "snitch", for grieving issues about the correctional officers. The individuals are also similarly situated—both incidents involve an inmate who sought to grieve issues about correctional officers in the Northampton County Prison. Even if Officer Colarusso successfully appealed his earlier discipline, Officer Colarusso's earlier actions are probative of his state of mind when he learned Mr. Fennell grieved his issues about Officer Colarusso and other correctional officers.

Officer Colarusso argues, even if this evidence falls within Federal Rule of Evidence 404(b), it should be excluded under Federal Rule of Evidence 403. Under Federal Rule of Evidence 403, we "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[12] Officer Colarusso argues the probative value of the evidence presented in his disciplinary file is substantially outweighed by unfair prejudice. We disagree. The earlier incident is probative of Officer Colarusso's state of mind or intent for when he allegedly referred to Mr. Fennell as a "snitch." This evidence reveals an intent based on hostility and a disdain for inmates who grieve issues. We see little unfair prejudice. Officer Colarusso may explain he successfully appealed this discipline and it occurred three years before his alleged issues with Mr. Fennell.

We lastly consider Officer Colarusso's objection under Federal Rule of Evidence 402, which states "[i]rrelevant evidence is not admissible."[13] Officer Colarusso referring to another inmate as a "snitch" is relevant. The evidence is probative of Officer Colarusso's feelings towards inmates who grieve issues about him. As discussed above, the reference to "snitch" is also probative of Officer Colarusso's intent during actions taken against Mr. Fennell.

We deny in part and grant in part Defendants' Motion *in limine* in the accompanying Order.

---

[1] ECF Doc. No. 79, at p. 2.

[2] *Id.*

[3] Fed. R. Evid. 404(b)(1).

[4] Fed. R. Evid. 404(b)(2).

[5] *Thomas v. Messer*, No. 15-1112, 2017 WL 11318534, at *2 (N.D.N.Y. Sept. 27, 2017) (citing *Lewis v. City of Albany Police Dept.*, 547 F. Supp. 2d 191, 200 (N.D.N.Y. 2008)).

[6] *Lewis*, 547 F. Supp. 2d at 199-200.

[7] *Id.*

[8] *Ferreira v. City of Binghamton*, No. 13-107, 2016 WL 4991600 (N.D.N.Y. Sept. 16, 2016).

[9] *Id.* at *1, *3.

[10] *Id.* at *3.

[11] ECF Doc. No. 79.

[12] Fed. R. Evid. 403.

[13] Fed. R. Evid. 402.